UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
In re:                                                                    Case No.: 10-77169-ast
                                                                                Chapter 7
CHIN KIM,

                                        Debtor.
---------------------------------------------------------X

## DECISION AND ORDER GRANTING
## TRUSTEE'S MOTION TO REVIEW COUNSEL FEES

### Issue Pending and Summary of Ruling

Pending before the Court is the Chapter 7 Trustee's motion to determine the reasonableness of the attorneys' fees paid to Debtor's counsel in this Chapter 7 case, pursuant to §§ 329 and 330 of the Bankruptcy Code.[1] The Trustee requests that this Court order debtor's counsel to disgorge any fees determined to be unreasonable. For the reasons stated herein, this Court grants the request in part, and orders debtor's counsel to disgorge a portion of the fees he has been paid.

### Jurisdiction

This Court has jurisdiction over this core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B), and (O), and 1334(b), and the Standing Order of Reference in effect in the Eastern District of New York.

### Procedural History

On September 13, 2010, (the "Petition Date"), Chin Kim ("Debtor") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code (the "Petition"). [dkt item 1] Debtor retained Jae Choi and the Law Office of Jae Choi & Associates, P.C. (collectively referred to as "Counsel") to represent him in connection with this case. Along with the Petition, Counsel filed

---

[1] All references to the Bankruptcy Code herein are to provisions of Title 11 of the United States Code.

a "Disclosure of Compensation of Attorney for Debtor," as required under § 329(a) and Rule 2016(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), which states that Counsel agreed to accept $3,000.00 for legal services rendered to Debtor in connection with his bankruptcy case, and in fact received $3,000.00 from Debtor in full satisfaction of Counsel's fees (the "2016(b) Disclosure"). [dkt item 1]  Also on the Petition Date, Counsel filed a Pre-Petition Statement under Rule 2017-1 of the Local Bankruptcy Rules for the Eastern District of New York (the "Local Rules"), likewise representing that Counsel received $3,000.00 as compensation for legal services rendered prior to the Petition Date (the "Pre-Petition Statement"). [dkt item 2]

Allan B. Mendelsohn, Esq. was duly appointed as Chapter 7 Trustee of Debtor's bankruptcy estate (the "Trustee").  Based upon the Trustee's evaluation of Counsel's conduct at the first § 341 meeting of creditors and alleged deficiencies in the Petition, the Trustee filed a Motion for an Order to Review Counsel Fees (the "Fee Motion") on October 28, 2010, requesting that the Court inquire into whether the fees paid to Counsel were reasonable. [dkt item 12]  Counsel filed an objection to the Fee Motion wherein he affirmed, *inter alia*, that he charged Debtor $3,000.00 for legal services rendered, and in fact received $3,000.00 in full satisfaction of Counsel's fees in connection with Debtor's bankruptcy case (the "Objection"). [dkt item 24]

While the Fee Motion was pending, the Trustee sought and obtained an Order of the Court dated February 7, 2011, authorizing the examination of and production of documents from Debtor pursuant to Bankruptcy Rule 2004 (the "2004 Order"). [dkt item 34]  In response to the 2004 Order, Debtor produced, *inter alia*, a Citibank bank account statement for the period of

August 6, 2010 to September 6, 2010, for a checking account held by Debtor and his wife (the "Citibank Statement"). [dkt item 45-1]

The Court suspended ruling on the Fee Motion pending resolution of various issues which had arisen during the case, as well as awaiting the closing of the § 341 meeting. This Court's determination of a reasonable fee for this case is dependent on a review of all pre-petition and post-petition services. The Trustee closed the § 341 meeting on December 8, 2011.

On June 29, 2012, the Court issued an order requiring Counsel to file a fee statement reflecting all services rendered by Counsel on behalf of Debtor and all fees charged to and paid by Debtor in connection with this bankruptcy case (the "Fee Order"). [dkt item 43] Subsequently, on July 2, 2012, Counsel filed an Affirmation of Compliance wherein he set forth with particularity the services performed, the hourly rates charged, and the total amount charged to and paid by Debtor, which was, again, stated to be $3.000.00 (the "Affirmation of Compliance"). [dkt item 44] In response, the Trustee filed a reply requesting disgorgement of Counsel's fees (the "Reply"). [dkt item 45] On August 21, 2012, Counsel filed a letter in response to the Reply (the Sur-Reply). [dkt item 47]

## **Evidence Before This Court**

The Court has before it evidence as to time expended, fees paid, and fees incurred for the period from August 10, 2010, through and including July 2, 2012[2]. Counsel's 2016(b) Disclosure provides that Counsel agreed to accept and did in fact receive $3,000.00 with respect to services rendered on behalf of Debtor in connection with his bankruptcy case. Specifically, the 2016(b) Disclosure states:

---

[2] Counsel's signed Affirmation of Compliance states that attached is "a billing statement for the services rendered by the Attorney to the Debtor from August 10, 2010 to July 2, 2012 . . . ." The invoice that is attached to the Affirmation of Compliance lists the date range as August 10, 2010 to July 12, 2012 (rather than July 2). However, because the Affirmation of Compliance was signed and filed on July 2, 2012, the Court treats this date (and not July 12) as the end date.

3

>     For legal services, I have agreed to accept              $3,000.00
>     Prior to the filing of this statement I have received    $3,000.00

[dkt item 1]. The only payment disclosed is a legal fee of $3,000.00. Counsel's Pre-Petition Statement further details the agreed scope of Debtor's representation and the pre-petition services Counsel rendered:

> 2. That prior to the filing of the petition herein, my firm rendered the following services to the above-named debtor(s):
>
> | Date/Time | Services |
> |---|---|
> | 8/10/10 | Initial interview, analysis of financial condition, etc. |
> | 8/20/10 | Preparation and review of Bankruptcy petition |
>
> 3. That my firm will also represent the debtor(s) at the first meeting of creditors.
>
> 4. That all services rendered prior to the filing of the petition herein were rendered by my firm.
>
> 5. That my usual rate of compensation of bankruptcy matters of this type is $3,000.00.

[dkt item 2].

The Affirmation of Compliance delineates the legal services Counsel performed and demonstrates that, during the period from August 10, 2010 through July 2, 2012, Counsel spent 25.6 hours on Debtor's bankruptcy case, which, if charged at an hourly rate of $300.00, would total $7,680.00 in legal fees; Counsel also incurred $413.48 of expenses. The Affirmation of Compliance further alleges that, "[Counsel] received a total retainer of $3,000 from the Debtor prior to filing of the petition and has not collected any additional fees since then. Furthermore, [Counsel] agrees to waive the legal fees due and expenses in excess of the retainer." [dkt item 44] Thus, Counsel agreed to accept the $3,000.00 retainer in full satisfaction of Debtor's legal fees.

Despite Counsel's representations, documentation that Debtor turned over to the Trustee in response to the 2004 Order, and which the Trustee attached to his Reply, reveals that Debtor paid Counsel a total of $4,300.00, which is $1,300.00 more than Counsel has repeatedly represented that he received from Debtor. In particular, Debtor's Citibank Statement indicates that Debtor issued a check payable to Counsel several weeks prior to the Petition Date for the amount of $4,300.00 (the "Check"). The Citibank Statement further shows that "Bankruptcy" was written in the memo line of the Check and that Counsel had endorsed the Check by stamping "the Law Office of Jae Choi & Associates, P.C."

In response to the Trustee's introduction of the Citibank Statement and the Check, Counsel acknowledged receipt and deposit of the Check; but now, for the first time, Counsel asserts in his Reply that he refunded the $1,300.00 in cash to Debtor several weeks before the Petition Date (the "Refund").[3] Counsel further explains that $4,300.00 is the flat fee he charges for representing Chapter 13 debtors, while $3,000.00 is the flat fee he charges for representing Chapter 7 debtors. Moreover, Counsel alleges that he initially advised Debtor to file a petition under Chapter 13, but that upon further review of Debtor's case, he and Debtor determined that Debtor should proceed with filing a petition under Chapter 7. In an attempt to further clarify Counsel's omission of the Check and the Refund, Counsel argues that he was not obligated to disclose the Check and the Refund without specifically being asked.

## Legal Analysis

Section 329 of the Bankruptcy Code authorizes the Court to determine the reasonableness of compensation and the source of such compensation paid to a debtor's attorney for representing the interests of a debtor in connection with a bankruptcy case. *See* 11 U.S.C. § 329. Further,

---

[3] Debtor has provided a sworn statement, but not under the penalties of perjury, supporting Counsel's recitation of events surrounding the Refund. [dkt item 47-1] Counsel has also contended that Debtor spent the $1,300.00 on ordinary expenses prior to the Petition Date, and as such these funds were not listed on the Petition. [dkt item 47]

5

§ 329 is implemented by Bankruptcy Rule 2016, which requires attorneys to file a statement disclosing "the compensation paid or agreed to be paid … for services rendered or to be rendered … in connection with the case by such attorney, and the source of such compensation" within 14 days of the order for relief.  11 U.S.C. § 329; FED. R. BANKR. P. 2016(b); *see also In re Chatkhan*, 2012 Bankr. LEXIS 886, at *17-18 (Bankr. E.D.N.Y. March 5, 2012).  Moreover, Bankruptcy Rule 2017 expressly authorizes the Court to analyze and determine whether any payment made to a debtor's attorney before an order for relief is entered is reasonable or excessive.  FED. R. BANKR. P. 2017(a).[4]

The Bankruptcy Code does not, however, specifically set forth how courts are to ascertain whether a professional's request for compensation is reasonable in a Chapter 7 case. This Court, nevertheless, has previously determined that the standard for determining reasonable compensation of a Chapter 13 debtor's counsel is useful in identifying whether compensation of a Chapter 7 debtor's counsel is reasonable.  *See In re Henry,* 2011 Bankr. LEXIS 2465, at *9 (Bankr. E.D.N.Y. June 22, 2011), citing *In re Datta*, 2009 Bankr. LEXIS 1856, at *8-9 (Bankr. E.D.N.Y. July 2, 2009).  As such, the Court may look to Bankruptcy Code § 330(a)(4)(B), which provides:

> In a chapter 12 or chapter 13 case in which the debtor is an individual, the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section.

---

[4] Rule 2017(a) governs courts' examination of payments or transfers to attorneys before an order for relief has been issued; it provides:

> [o]n motion by any party in interest or on the court's own initiative, the court after notice and a hearing may determine whether any payment of money or any transfer of property by the debtor, made directly or indirectly and in contemplation of the filing of a petition under the Code by or against the debtor … for services rendered or to be rendered is excessive.

FED. R. BANKR. P. 2017(a).

6

11 U.S.C. § 330(a)(4)(B). The "other factors" referred to in § 330(a)(4)(b) include:

> (A) the time spent on such services;
> (B) the rates charged for such services;
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and
> (E) whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3). Moreover, Counsel bears the burden of proof as to the reasonableness of the legal fees charged. *In re Henry*, 2011 Bankr. LEXIS 2465, at *10, citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *In re Bruns,* 2009 Bankr. LEXIS 2065, at *12-13 (Bankr. E.D.N.Y. July 2, 2009).

However, independent of the reasonableness component, failure to satisfy the disclosure requirements of the Bankruptcy Code and Rules constitutes grounds for partial or total denial of compensation, as well as partial or total disgorgement of fees already paid. *See Chatkhan*, 2012 Bankr. LEXIS 886, at *17-18; *see also Datta*, 2009 Bankr. LEXIS 1856, at *23; *Bruns*, 2009 Bankr. LEXIS 2065, at *19. "Even a negligent or inadvertent failure to disclose fully relevant information may result in denial of all requested fees." *Chatkhan,* 2012 Bankr. LEXIS 886, at *17*, quoting *In re Park-Helena Corp.*, 63 F.3d 877, 882 (9th Cir. 1995). Furthermore, disclosures must be direct and comprehensive; that is, the attorney must make a full, candid, and complete disclosure of the "precise nature of the fee arrangement." *Chatkhan,* 2012 Bankr. LEXIS 886, at *19-21, citing to *In re Park-Helena*, 63 F.3d at 881, quoting *In re Glenn Elec. Sales Corp.*, 99 B.R. 596, 600 (D.N.J. 1988).

Therefore, the Court must determine whether Counsel has met his burden of proving reasonableness of the fee he charged in this case and the propriety of his disclosures. This Court concludes Counsel has not.

Contrary to Counsel's contentions,[5] he was required to make a full, candid, and complete disclosure of the "precise nature of the fee arrangement" between Debtor and himself. *See Chatkhan*, 2012 Bankr. LEXIS 886, at *19-20. That is, Counsel needed to disclose all relevant information and "lay bare all its dealings … regarding compensation." *Id.*, citing *In re Park-Helena*, 63 F.3d at 881, quoting *In re Bob's Supermarkets, Inc.*, 146 B.R. 20, 25 (Bankr. Mont. 1992). Counsel failed to do so when he neglected to disclose the Check and the Refund.

In addition to Counsel's non-compliance with § 329 and the Bankruptcy Rules, Counsel also violated the terms of the Fee Order. The Fee Order required Counsel to:

> [F]ile a fee statement or billing statement reflecting all services rendered by Counsel on behalf of Debtor in connection with this bankruptcy case, **and all fees charged to and paid by Debtor in connection with this bankruptcy case**; such statement shall include a statement of any hourly rates charged by Counsel to Debtor for each of such services, or a statement of the hourly rate Counsel charges similarly situated clients for similar services.

[dkt item 43] (emphasis supplied). The plain meaning of the Fee Order necessarily encompasses the full $4,300.00 paid and the $1,300.00 Refund. As such, regardless of Counsel's belief that he did not have an affirmative obligation to disclose the Check and the Refund to the Trustee, and presuming the Refund actually was given to Debtor, Counsel was required to lay bare his dealings with Debtor and disclose the existence of the Check and the Refund to the Court pursuant to the Fee Order. Gamesmanship is not a substitute for disclosure. Counsel's violation

---

[5] Counsel stated, "[Trustee's counsel] asserts that I had multiple opportunities to *proactively* explain the $1,300 refund in the previous occasions but failed to do so, notwithstanding the fact that I was never asked this by [Trustee's counsel] – that somehow I was obliged to disclose this information without being asked about it first … [the law] does not require me to proactively explain such circumstances as partial refunds … I am only required to disclose how much I was ultimately paid." Sur-Reply at 3 (emphasis in original) [dkt item 47].

of the Fee Order may provide an independent basis for disgorgement of Counsel's fees. *See generally, Chatkhan*, 2012 Bankr. LEXIS 886, at *21, citing *In re Indep. Eng'g Co.*, 232 B.R. 529, 532 (B.A.P. 1st Cir. 1999); *In re Parklex Assoc., Inc.*, 435 B.R. 195, 208 (Bankr. S.D.N.Y. 2010).

Based upon Counsel's non-disclosure, this Court treats the amount paid by Debtor as $4,300.00, the amount of the Check, not the $3,000.00 consistently disclosed; this Court is not persuaded that Debtor should be considered to have received a cash refund of $1,300.00 from Counsel.  However, the Court finds $3,000.00 for the work undertaken both pre- and post-petition to be reasonable under § 330.  Counsel assisted in the preparation and filing of the Petition, appeared at the § 341 meeting of creditors, generally represented Debtor throughout this case, and assisted Debtor with reaching a settlement agreement with respect to the estate's interest in an entity wholly owned by the Debtor.[6]  This Court accepts that Counsel spent a total of 25.6 hours, which, if billed at $300.00 per hour, would total $7,680 in legal fees, and incurred $413.48 in expenses on Debtor's case.  Counsel agreed to accept $3,000.00 in full satisfaction of Debtor's legal fees.[7]  Thus, this Court concludes that a $3,000.00 fee is reasonable for this case.[8]

Based on the foregoing, it is hereby

---

[6] The Petition disclosed that Debtor's sole source of income was his employment at Shin Jin Auto Driving School, Inc. (the "Driving School"). Upon investigation the Trustee discovered that Debtor was also the sole owner of the Driving School. As a result of various discussions between Counsel and the Trustee, Debtor and the Trustee agreed to resolve the estate's interest in the Driving School. Thus, the Trustee filed a motion to approve the resulting settlement agreement, which this Court granted on July 29, 2011. [dkt item 42]

[7] While the Trustee in the Fee Motion initially challenged the reasonableness of the $3,000.00 fee, the Reply states, "[t]he Trustee recognizes that Mr. Choi may have ultimately provided legal services the value of which may exceed the amount actually paid to Mr. Choi." Sur-Reply at 2 n.2, quoting Reply at ¶ 16 [dkt item 47]. As such, the Trustee acknowledges that $3,000.00 is reasonable compensation for the work Counsel performed.

[8] This Court's decision should not be construed as a per se determination as to the reasonableness of the fees in question. As stated in this Court's opinion in *Datta*, and repeated here, "[t]his Court is not establishing a fee cap or a per se reasonable fee or a 'no look' fee for … chapter 7 cases in the Eastern District of New York…." *In re Datta*, 2009 Bankr. LEXIS 1856 at *8-9 (Bankr. E.D.N.Y. July 2, 2009).

**ORDERED**, that Counsel is allowed total fees and expenses in the amount of $3,000.00, and must disgorge $1,300.00 directly to Debtor; and it is further

**ORDERED**, that Counsel shall deliver a check to Debtor for $1,300.00 within **twenty-one (21) days** from entry of this Order and shall file a copy of that check with this Court within **fourteen (14) days** thereafter; and it is further

**ORDERED**, that the Clerk's Office shall mail a copy of this Order to Debtor, Counsel, and the Trustee.



Dated: September 6, 2012  
      Central Islip, New York

                                                **Alan S. Trust**  
                                     **United States Bankruptcy Judge**